IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES EARL PRICE, # 11952                                                                PLAINTIFF

V.                                                              CIVIL ACTION NO. 2:09cv20-KS-MTP

SUPERINTENDENT RONALD KING,                                                          DEFENDANTS
DR. RON WOODALL, MIKE HATTEN,
and APRIL MEGGS

## ORDER

THIS MATTER is before the court on the Plaintiff's Motion for Default Judgment [18]. Having reviewed the motion, the entire record in this matter and applicable law, the court finds that the motion should be denied.

In the motion, Plaintiff asks the court to enter a default judgment against Defendants Dr. Ron Woodall and April Meggs, based on the fact that they have not answered the complaint nor otherwise appeared in this action. The Process Receipts and Returns filed on May 18, 2009 [16] [17] indicate that process was served on a "Danny Perry" at 506 S. President Street in Jackson, Mississippi. There is nothing of record establishing that Mr. Perry is authorized to accept service of process on behalf of Defendants.[1] Based on the foregoing, it does not appear that process has been properly served pursuant to Fed. R. Civ. P. 4(e). Thus, entry of default judgment is not appropriate. *See* Fed. R. Civ. P. 55; *Arceneaux v. Davisdon*, 325 F. Supp. 2d 742, 744 (S.D. Miss. 2004) (holding that default judgment may not be entered unless there has been valid service of process).

Moreover, even if Defendants had been properly served, "a party is not entitled to a

---

[1] The Order [9] directing issuance and service of the summons and complaint provided the following address for both Defendants: South Mississippi Correctional Institution, 22689 Highway 63 North, Leakesville, MS 39451.

default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (*quoting Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Id.* (*quoting Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Finally, this action is subject to the Prison Litigation Reform Act of 1995, which provides that "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1).

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Default Judgment [18] is denied.[2]

SO ORDERED this the 30th day of July, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[2] By separate Order, this court shall direct the clerk of court to re-issue summonses for Defendants Woodall and Meggs and shall direct the U.S. Marshall to serve process upon them at the address provided by the court.