IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES EARL PRICE                                                              PLAINTIFF

VS.                                                      CIVIL ACTION NO. 2:09cv20-KS-MTP

RONALD KING, et al.                                                          DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on October 6, 2009. The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys Pelicia Hall and Charles Irvin. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is currently incarcerated at South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi, having been convicted of a felony. Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[2]

In this action, Plaintiff asserts a claim of inadequate medical treatment. Specifically,

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Hurns v. Parker*, 165 F.2d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

Plaintiff alleges that on July 2, 2008, his stomach began hurting him, so he went to the infirmary at SMCI where nurses examined him and gave him Gas-X. Plaintiff claims that over approximately the next two weeks, he continued to experience stomach pain and was unable to eat or drink. He claims that he complained "constantly" to medical personnel at the infirmary - almost every day, and sometimes two or three times a day - but they just kept treating him for gas. Finally, Plaintiff avers that he was examined by Dr. McCleave (not a defendant in this action), who sent him to Leakesville Hospital for a CT Scan. From there, Plaintiff was transferred to Forrest General Hospital in Hattiesburg, where he stayed for twelve days while he was treated for an infection in his abdomen. Plaintiff claims that upon his discharge from Forrest General, on or about August 4, 2008, his treating physician, Dr. Brahan, gave him a piece of paper stating that he should have an appendectomy within thirty days, and told him to give that to the doctor at SMCI. Plaintiff claims that he was supposed to receive a colonoscopy on August 6, 2008 and an appendectomy on September 3, 2008.

Plaintiff avers that upon his return to SMCI, Dr. Woodall told him that there would not be an operation because if his appendix had ruptured, the acid or infection "would have eaten it up." Plaintiff claims that he would tell Dr. Woodall that his abdomen hurt, but Dr. Woodall did not believe him.

Plaintiff alleges that the colonoscopy could not be performed as scheduled because the SMCI infirmary did not prepare him for it. He avers that the colonoscopy was performed on September 3, 2008, but the appendectomy was not. On September 16, 2008, Plaintiff claims that he filed a grievance through the Administrative Remedy Program (ARP) because he had not yet had his appendectomy. In response, Plaintiff claims that Dr. Woodall showed him a letter that purported to be from Dr. Brahan stating that Plaintiff did not need the surgery.

The appendectomy was performed on December 2, 2008 - which, according to Plaintiff, was approximately two months later than it should have been performed. Plaintiff avers that when he told Dr. Brahan about the letter Dr. Woodall had shown him stating that he did not need surgery, Dr. Brahan responded: "Whoever said that is a liar."

At the *Spears* hearing, Plaintiff explained that he sued Dr. Woodall because he denied him the appendectomy and because he should have ensured that Plaintiff had the operation within thirty days, as directed by Dr. Brahan. Plaintiff stated that he sued Mike Hatten, who is an administrator in the Health Services Department at SMCI, because he is "over the infirmary." Plaintiff explained that Mr. Hatten's job is to investigate complaints about medical staff, and that he should have made sure that Plaintiff's operation occurred sooner. Plaintiff stated that he sued April Meggs, a nurse at SMCI, because she denied him assistance through the ARP. He stated that Ms. Meggs did not provide him with any medical treatment. Finally, Plaintiff explained that he sued Ronald King, Superintendent of SMCI, because he denied him relief through the ARP. Plaintiff conceded that Mr. King had no personal involvement in his medical treatment.[3]

## 2. DISCOVERY ISSUES

At the *Spears* hearing, Defendants produced the following documents to Plaintiff: a copy of Plaintiff's medical records; and any ARP documents regarding Plaintiff's medical treatment. Should Defendants obtain any additional medical records from any outside facility, they shall provide a copy of such records to Plaintiff within thirty (30) days of receipt.

There are no other discovery matters pending at this time, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be

---

[3] The undersigned intends to issue a Report and Recommendation recommending dismissal of Plaintiff's claims against Defendants Hatten, Meggs and King, pursuant to 28 U.S.C. § 1915(e)(2).

3

presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

### 3. **MOTIONS AND TRIAL**

The deadline for the filing of motions (other than motions *in limine*) is January 15, 2010. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Should Defendants obtain any additional medical records from any outside facility, they shall provide a copy of such records to Plaintiff within thirty (30) days of receipt.

2. The deadline for the filing of motions (other than motions *in limine*) is January 15, 2010.

3. This order may be amended only by a showing of good cause.

4. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

SO ORDERED on this the 8th day of October, 2009.

s/ Michael T. Parker<br>
United States Magistrate Judge